# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY RAY RATLIFF,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AUDREY KING, Director,<br><br>　　　　Respondent. | Case No. 1:13-cv-02111-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed the instant petition for writ of habeas corpus on December 31, 2013. It appears from the face of the Petition and the attachments thereto that Petitioner's custody does not stem from the judgment of a State court. Rather, Petitioner is a pretrial detainee, pending a commitment trial in Fresno County Superior Court pursuant to California's Sexually Violent Predator Act ("SVPA").

## I.

## DISCUSSION

### A.    Preliminary Screening of Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to conduct a preliminary review of the petition. Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Abstention**

Title 28, United States Code, Section 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a state judicial proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003).

In the instant petition, Petitioner complains he is being detained pending civil commitment proceedings in violation of his constitutional rights. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Younger abstention also extends to state civil judicial proceedings. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 717-18 (1996); Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir.2004) (en banc); Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 712 (9th Cir.1995).

Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir.2008); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir.2007).

In this case, there is an ongoing state-initiated civil commitment proceeding against Petitioner. Second, the commitment proceeding, pursuant to California's SVPA, implicates the important state interests of protecting the public from sexually violent predators and providing such offenders with mental health treatment. Third, from the petition and the attached exhibits, it appears Petitioner "had an 'adequate' or 'full and fair' opportunity to raise his federal claims in the state proceedings." Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1019 (9th Cir.1999); see Moore v. Sims, 442 U.S. 415, 425 (1979); Dubinka v. Judges of the Superior Ct., 23 F.3d 218, 224–25 (9th Cir.1994). "Younger requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." Commc'ns Telesys. Int'l, 196 F.3d at 1020. There is no suggestion that the state proceedings did not afford Petitioner an adequate opportunity to assert the legal claims presented in the instant petition, or that "state procedural law barred presentation of [his] claims," Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987), or that "extraordinary circumstances" rendered the California courts "incapable of fairly and fully adjudicating" his federal constitutional claims. Kugler v. Helfant, 421 U.S. 117, 124 (1975). Furthermore, Petitioner will have opportunities during and after trial to present his claims to the state courts. Petitioner disagrees with the result thus far; however, this lack of success does not render the forum inadequate. Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003). Fourth, Petitioner's habeas petition threatens to interfere with the state commitment proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state judicial proceedings, with the effect of enjoining the state SVPA proceedings.

A federal court may equitably intervene in an ongoing state judicial proceeding if "there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution" or "where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.'" Kugler, 421 U.S. at 124 (internal citations omitted). There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Petitioner claims he is suffering irreparable injury by having to endure the SVPA proceeding pending against him, but Younger makes clear that any injury suffered by a petitioner as a result

of being forced to defend himself against a state prosecution brought in good faith does not rise to the level of "irreparable injury," even where the petitioner alleges the prosecution is unlawful. Younger, 401 U.S. at 46 ("No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity ...." (internal quotation omitted)).

The Court therefore concludes that Younger abstention requires the dismissal of the Petition herein. See, e.g., Smith v. Plummer, 458 F. App'x 642 (9th Cir.2011) (Younger abstention warranted in habeas proceeding brought by detainee who was being held after expiration of his prison term by state pending civil commitment proceeding pursuant to California's SVPA); Blake v. Baca, 72 F. App'x 585 (9th Cir. 2003) (Younger abstention was appropriate in federal habeas proceedings challenging state court determination that petitioner fell within statutory requirements for civil commitment under California's SVPA); Babinski v. Voss, 323 F. App'x 617 (9th Cir. 2009) (Younger abstention deemed appropriate in habeas proceeding where the petitioner was facing civil commitment trial under California's SVPA).

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections

///

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2014**

UNITED STATES MAGISTRATE JUDGE